1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARCELINO CLEMENTE,                          No.  2:14-cv-0611 KJN P

12                  Plaintiff,

13          v.                                      ORDER

14    T. PARCIASEPE, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19    1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20    Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

21    § 636(c).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23    Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4    U.S.C. § 1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

27   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the …

28   claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

1   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the

3   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

4   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468

5   U.S. 183 (1984).

6          Plaintiff alleges that on January 10, 2013, defendant Parciasepe brought new inmate

7   Villier to plaintiff's cell, and when Villier and plaintiff recognized each other as enemies from

8   past encounters on the streets and prisons, they informed defendant, but defendant ignored their

9   pleas, shut the cell door, stated "handle your business," and walked away.  (ECF No. 1 at 8.)

10  Plaintiff contends that defendant was deliberately indifferent to plaintiff's safety, and failed to

11  protect plaintiff, and claims that his failure to address their incompatibility was cruel and unusual

12  punishment.[1]

13         Plaintiff also alleges that once plaintiff filed an inmate appeal concerning the January 10,

14  2013 incident, defendant Parciasepe retaliated against plaintiff by trying to convince plaintiff's

15  cellmate, Roy Dorado, to say something that would cause plaintiff to be placed in administrative

16  segregation.  Plaintiff contends that defendant had his co-workers constantly harass plaintiff and

17  search plaintiff's cell excessively, allegedly without any cause.

18         In his third cause of action, plaintiff contends that defendant Warden Knipp is charged

19  with the implementation of administrative protections for the inmates, and is responsible for

20  ensuring that plaintiff's rights were not violated.  In addition, plaintiff states that once aware of a

21  violation, "defendants" are charged with correcting any constitutional violations that may have

22  occurred.  (ECF No. 1 at 11.)

23         The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

24  screening, finds that it states potentially cognizable Eighth and First Amendment claims against

25  defendant Parciasepe.  See 28 U.S.C. § 1915A.

26

27  [1]  Plaintiff also claims, without factual support, "equal protection" and "retaliation."  Plaintiff did
    not allege any facts supporting these theories in connection with defendant Parciasepe housing
28  plaintiff with Villier.

1    However, plaintiff fails to state a cognizable claim against defendant Knipp.  The Civil

2    Rights Act under which this action was filed provides as follows:

3
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
4
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
5
> law, suit in equity, or other proper proceeding for redress.

6    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8    Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

9    liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

10   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

11   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

12   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

13   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

14   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

15   588 F.2d 740, 743 (9th Cir. 1978).

16       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17   their employees under a theory of respondeat superior and, therefore, when a named defendant

18   holds a supervisorial position, the causal link between him and the claimed constitutional

19   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

20   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

21   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

22   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

23   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

24   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

25   participation is insufficient).

26       "Prison officials have a duty to take reasonable steps to protect inmates from physical

27   abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan,

28   511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must establish that

1   prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See

2   Farmer, 511 U.S. at 834.  To demonstrate that a prison official was deliberately indifferent to a

3   serious threat to the inmate's safety, the prison must show that "the official [knew] of and

4   disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from

5   which the inference could be drawn that a substantial risk of serious harm exists, and [the official]

6   must also draw the inference."  Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d

7   1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on

8   circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish

9   knowledge.  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

10          Plaintiff's specific allegations as to defendant Knipp are based solely on his role as

11   Warden.  Plaintiff does not allege that defendant Knipp was aware that Villier and plaintiff were

12   enemies, or that defendant Parciasepe housed them together despite being informed of their

13   incompatibility.  Given that inmate Villier was a "new arrival" (ECF No. 1 at 8), it is unlikely that

14   defendant Knipp was aware of defendant Parciasepe's action.

15          Therefore, the court finds that the complaint does not state a cognizable claim against

16   defendant Knipp.  The claim against defendant Knipp is dismissed with leave to amend.

17          Plaintiff may proceed forthwith to serve defendant Parciasepe and pursue his claims

18   against only defendant Parciasepe, or he may delay serving any defendant and attempt to state a

19   cognizable claim against defendant Knipp.

20          If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

21   defendant Knipp, he has thirty days so to do.  He is not obligated to amend his complaint.

22          If plaintiff elects to proceed forthwith against defendant Parciasepe, against whom he has

23   stated a potentially cognizable claim for relief, then within thirty days he must return materials for

24   service of process enclosed herewith.  In this event the court will construe plaintiff's election as

25   consent to dismissal of all claims against defendant Knipp without prejudice.

26          Plaintiff is advised that in an amended complaint he must clearly identify each defendant

27   and the action that defendant took that violated his constitutional rights.  The court is not required

28   to review exhibits to determine what plaintiff's charging allegations are as to each named

5

1   defendant.  The charging allegations must be set forth in the amended complaint so defendants

2   have fair notice of the claims plaintiff is presenting.

3          Any amended complaint must show the federal court has jurisdiction, the action is brought

4   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

5   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

6   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

7   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

8   of a constitutional right if he does an act, participates in another's act or omits to perform an act

9   he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

10  victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

11  of a specific federal constitutional right.

12         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

13  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

14  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

15  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

16         A district court must construe a pro se pleading "liberally" to determine if it states a claim

17  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

18  opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

19  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

20  action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct.

21  1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

22  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

23  plausible on its face.'"  Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at

24  570).

25                    A claim has facial plausibility when the plaintiff pleads factual
                      content that allows the court to draw the reasonable inference that
26                    the defendant is liable for the misconduct alleged. The plausibility
                      standard is not akin to a "probability requirement," but it asks for
27                    more than a sheer possibility that a defendant has acted unlawfully.
                      Where a complaint pleads facts that are merely consistent with a
28

6

1         defendant's liability, it stops short of the line between possibility
2   and plausibility of entitlement to relief.

3   <u>Ashcroft</u>, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions

4   can provide the framework of a complaint, they must be supported by factual allegations, and are

5   not entitled to the assumption of truth.  <u>Id.</u> at 1950.

6         An amended complaint must be complete in itself without reference to any prior pleading.

7   Local Rule 15-220; <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

8   amended complaint, the original pleading is superseded.

9         By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

10  has evidentiary support for his allegations, and for violation of this rule the court may impose

11  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

12        Finally, on March 17, 2014, plaintiff filed a request to join the action filed by Alonzo

13  Joseph, Case No. 2:14-cv-0414 AC (E.D. Cal.), to plaintiff's lawsuit as a class action.  (ECF No.

14  5.)  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a

15  layperson cannot ordinarily represent the interests of a class.  <u>See</u> <u>McShane v. United States</u>, 366

16  F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class

17  representative is incarcerated and proceeding pro se.  <u>Oxendine v. Williams,</u> 509 F.2d 1405, 1407

18  (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the

19  class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Martin v.</u>

20  <u>Middendorf</u>, 420 F. Supp. 779 (D.D.C. 1976).  This action, plaintiff's motion to join the action

21  filed by Mr. Joseph is denied.

22        Accordingly, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27  Director of the California Department of Corrections and Rehabilitation filed concurrently

28  herewith.

7

3.  Claims against defendant Knipp are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Knipp.  Plaintiff is not obliged to amend his complaint.

4.  The allegations in the pleading are sufficient to state a potentially cognizable claim against defendant Parciasepe.  See 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 5, 2014, one USM-285 form and instructions for service of process on defendant Parciasepe.  Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint filed March 5, 2014.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant Parciasepe will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Knipp without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

6.  Plaintiff's motion (ECF No. 5) is denied.

Dated:  May 6, 2014

/clem0611.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELINO CLEMENTE,                    No.  2:14-cv-0611 KJN P

12                  Plaintiff,

13        v.                                NOTICE OF SUBMISSION OF
                                            DOCUMENTS
14   T. PARCIASEPE, et al.,

15                  Defendants.

16

17        Plaintiff submits the following documents in compliance with the court's order filed

18   _____.

19        _____          completed summons form

20        _____          completed forms USM-285

21        _____          copies of the Amended Complaint

22
             Plaintiff consents to the dismissal of defendant Knipp without prejudice. _____
23
          OR
24
          _____ Plaintiff opts to file an amended complaint and delay service of process.
25
     DATED:
26

27                                          _____
                                            Plaintiff
28