UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PARCIASEPE, et al.,<br><br>    Defendants. | No. 2:14-cv-0611 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

On June 6, 2014, plaintiff filed a document entitled "Motion to [Append] These Declarations." (ECF No. 18.) It appears that plaintiff seeks to append witness declarations to his complaint. Plaintiff is advised that he need not submit evidence in support of his complaint at this time. Plaintiff should retain original evidence for production in support of an opposition to a dispositive motion filed by defendants, or at trial. Copies of these declarations are now part of the court record, and may be referenced by any party. Thus, plaintiff's motion is denied. However, the Clerk of the Court is directed to return the original declarations to plaintiff. (ECF No. 18 at 2-4.)

In addition, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States

1

Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Finally, by order filed May 6, 2014, plaintiff's claims against defendant Knipp were dismissed, and plaintiff was granted leave to amend within thirty days. On May 19, 2014, plaintiff filed documents for service on defendant Parciasepe, and consented to the dismissal of defendant Knipp without prejudice. (ECF No. 14.) Therefore, plaintiff's claims against defendant Knipp are dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to append declarations to the complaint (ECF No. 18) is denied;

2. The Clerk of the Court is directed to return the original witness declarations (ECF No. 18 at 3-5) to plaintiff;

3. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied without prejudice; and

4. Plaintiff's claims against defendant Knipp are dismissed without prejudice.

Dated: June 26, 2014

/clem0611.31kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE