UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PARCIASEPE, et al.,<br><br>    Defendants. | No. 2:14-cv-0611 MCE KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

      Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel for discovery purposes only. Plaintiff argues that because the defendant "is gonna declare 'confidential,' to some of, or more, requests plaintiff make [sic] during the discovery process," the court should appoint counsel to level the playing field between plaintiff and counsel for defendants.

      District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

At the time plaintiff filed his motion, it does not appear that defendants had responded to any discovery requests by plaintiff.  Thus, plaintiff's request for appointment of counsel was based on his speculation as to how the defendants might respond to discovery requests.  Moreover, plaintiff failed to acknowledge that should discovery disputes arise, plaintiff may file a motion to compel further discovery responses.

The instant action is proceeding on plaintiff's straightforward Eighth Amendment claim alleging that defendant Parciasepe was deliberately indifferent to plaintiff's safety and failed to protect plaintiff by housing him with a known enemy, and retaliated against plaintiff in connection with plaintiff's subsequent inmate appeal concerning the housing incident.  To date, plaintiff has filed articulate and appropriate pleadings and other documents.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  In light of this ruling, the discovery deadline is continued to December 31, 2014, and the pretrial motions deadline is continued to March 31, 2015.  Fed. R. Civ. P. 16(b)(4).  In all other respects, the August 11, 2014 scheduling order remains in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 26) is denied without prejudice;

2. The discovery deadline is continued to December 31, 2014; and

3. All pretrial motions, except motions to compel discovery, shall be filed on or before March 31, 2015.

Dated:  November 12, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clem0611.31(2)

2