UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE, | No. 2:14-cv-0611 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, et al., | |
| Defendants. | |

Defendant Parciasepe's motion for partial summary judgment based on plaintiff's alleged failure to exhaust his administrative remedies as to his retaliation claim prior to filing the instant action is pending. On December 8, 2014, plaintiff filed a request that defendant's motion for summary judgment be denied based on defendant's failure to respond to plaintiff's discovery requests, or to grant plaintiff an extension of time so that he could file a motion to compel. On December 16, 2014, defendant filed a reply, noting that his motion is solely based on plaintiff's deposition testimony that he only filed one 602 appeal solely regarding the January 10, 2013 incident underlying plaintiff's Eighth Amendment claim, and therefore failed to exhaust the First Amendment retaliation claim. Moreover, defendant states that after the court continued the discovery deadline, defendant filed timely discovery responses.

As noted by defendant, plaintiff's request for extension of time was based on arguments concerning the merits of his claims rather than the issue of exhaustion. However, in an

abundance of caution, now that defendant has provided discovery responses, the court will grant plaintiff an additional thirty days in which to file an opposition to the motion for summary judgment based on plaintiff's alleged failure to first exhaust his administrative remedies. Plaintiff is cautioned that he should not include arguments concerning the merits of his claims. Rather, plaintiff must address the issue of exhaustion of administrative remedies in connection with his retaliation claim against defendant Parciasepe.[1] No additional extension of time will be granted. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Good cause appearing, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall file an opposition to the motion for summary judgment. Defendant's reply, if any, shall be filed within seven days thereafter.

Dated: January 6, 2015

/clem0611.36

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On November 24, 2014, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed May 23, 2014, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.