UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CLEMENTE,

        Plaintiff,

   v.

T. PARCIASEPE, et al.,

        Defendants.

No. 2:14-cv-0611 MCE KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's original complaint, solely as to defendant T. Parciasepe. Plaintiff alleges that defendant Parciasepe failed to protect plaintiff on January 10, 2013, in violation of the Eighth Amendment, and subsequently retaliated against plaintiff in violation of the First Amendment. Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies as to plaintiff's retaliation claim is before the court. As set forth more fully below, the undersigned finds that defendant's motion for summary judgment should be granted.

II. Defendant's Motion for Summary Judgment

    Defendant moves for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies as to his retaliation claims prior to filing the instant action.

////

A. <u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>See Booth</u>, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>See Woodford</u>, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) (quoting <u>Woodford</u>, 548 U.S. at 88). <u>See also</u> <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting <u>Jones</u>, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the

Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock, 549 U.S. at 204, 216. In Albino, the Ninth Circuit agreed with the underlying panel's decision[1] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31.

////

---

[1] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120, overruled on other grounds by Albino, 747 F.3d 1162.

### B. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot

produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

////

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

By contemporaneous notice provided on November 14, 2014, (ECF No. 29-1), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

C. Facts[2]

1. Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

2. At times relevant to the lawsuit, plaintiff was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 14 at 5.)

3. Defendant Parciasepe was a correctional officer at MCSP at all relevant times herein.

4. In his complaint, plaintiff alleges that on January 10, 2013, inmate Eric Villiers, a new arrival at MCSP, was placed in plaintiff's cell.  Plaintiff contends that when Villiers and plaintiff recognized each other as enemies, they informed defendant, who refused to separate them, and a

---

[2]  For purposes of the instant motion for summary judgment, the court finds the following facts undisputed.  Documents submitted as exhibits are considered to the extent they are relevant, and despite the fact that they are not authenticated because such documents could be admissible at trial if authenticated.

6

1  fight subsequently ensued between plaintiff and Villiers.  (ECF No. 1 at 8-9.)  The undersigned
2  found that plaintiff stated a cognizable Eighth Amendment claim based on such allegations.
3  (ECF No. 11 at 2-3.)
4     5.  After the January 10, 2013 incident, plaintiff alleges that defendant retaliated against
5  plaintiff by trying to convince plaintiff's cellmate, Roy Dorado, to say something to defendant
6  that would cause plaintiff to be placed in administrative segregation.  Plaintiff also alleges that
7  defendant had his co-workers constantly harass plaintiff.  (ECF No. 1 at 10.)  The undersigned
8  found that plaintiff stated a cognizable First Amendment retaliation claim based on such
9  allegations.  (ECF No. 11 at 2-3.)
10     6.  At his November 3, 2014 deposition, plaintiff stated that he only filed a single CDCR
11  602 appeal regarding defendant in Appeal Log MCSP A-13-00153, and filed no other appeals
12  against defendant.  (ECF No. 29-2 at 39-41.)
13     7.  Plaintiff's initial Appeal Log MCSP A-13-00153 only addresses plaintiff's allegations
14  against defendant Parciasepe arising from the January 10, 2013 incident, and includes no
15  allegations that defendant Parciasepe subsequently retaliated against plaintiff.  Plaintiff requested,
16  *inter alia*, that "no reprisal be taken against [him] for filing this complaint."  (ECF No. 29-2 at
17  15.)
18     8.  The first level review was bypassed.  (ECF No. 29-2 at 15.)
19     9.  In the second level response, dated June 27, 2013, plaintiff's appeal issue was
20  identified as follows:

> You claim that on January 10, 2013, inmate Villiers was housed with you in cell 240 and upon entering the cell recognized you as a previous enemy.  You allege Villiers attempted to inform Officer Parciasepe of the enemy concern, but Officer Parciasepe ignored him and stated, "Handle your business."  You claim Officer Parciasepe intentionally created the situation which caused you and Villiers to engage in a fight.  You claim Officer Parciasepe dislikes, agitates, provokes and harasses Enhanced Outpatient Program inmates, as well as abuses his authority.

26  (ECF No. 29-2 at 24.)
27     10.  In his request for third level review, plaintiff stated that he was dissatisfied in part
28  because defendant "continued to work in the EOP A-Fac 5 Bldg. and continues to display abusive

7

and misconduct behavior [sic] in violation of policy and dereliction of duty. Enclosed [are] two affidavits that should have been attach[ed] to this complaint which I submitted in Feb. 2013 the day of the interview with Lt. Dominguez." (ECF No. 29-2 at 16.) The attached declarations pertain to the incident on January 10.[3] (ECF No. 29-2 at 18-20.)

11. The third level review of Appeal Log MCSP A-13-00153 was denied on November 20, 2013, and only addressed plaintiff's allegations stemming from the January 10, 2013 incident. (ECF No. 29-2 at 30.) The reviewer noted that plaintiff had attempted to add new issues and requests to his appeal,[4] but that such "additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action." (ECF No. 29-2 at 30.)

D.  The Parties' Contentions

Defendant contends that he is entitled to summary judgment on the retaliation claim because plaintiff failed to exhaust his administrative remedies in connection therewith.

Plaintiff opposes the motion, arguing that his retaliation claim was exhausted because he asked in his Appeal Log MCSP A-13-00153 that no reprisal be taken in connection with his appeal, and his issues of harassment and abuse by defendant were addressed in the third level review decision. (ECF No. 37 at 2.) Plaintiff claims that on June 27, 2013, plaintiff was interviewed by Lt. J. Dominguez, who partially granted plaintiff's appeal. (ECF No. 37 at 3.) Plaintiff claims that his retaliation claim against defendant was discussed, and that Lt. Dominguez informed plaintiff that the issue of defendant's attempts to retaliate against plaintiff would be looked into and included in plaintiff's 602 staff complaint. (ECF No. 37 at 3.) Plaintiff claims that Lt. Dominguez informed plaintiff that any reprisal is covered by the right to appeal, Title 15 § 3084.1(a)(d), and any violation of such policy was "automatically included." (ECF No. 37 at

---

[3] Both declarations are dated January 10, 2012, although plaintiff's allegations and appeal refer to an incident on January 10, 2013. The correct dates of these declarations are not relevant at this point in the proceedings.

[4] The reviewer noted that plaintiff "also alleges that CO Parciasepe is always agitating, provoking, and harassing inmates in Building '5' by abusing his authority." (ECF No. 29-2 at 30.)

1  3.) Plaintiff provided a copy of an Inmate Request for Interview CDCR 22 form, dated June 25,

2  2013, in which plaintiff identified the topic as "retaliation by staff," and stated that:

> On 6-25-13 I was approached by an inmate that works 3rd watch Porter 5 Bldg. He told me that C/O Parciasepe told him not to be seen with me or get involved with me in any way because whatever I got against him will be dealt with because him and his boys "have something planned for me" because of the complaint. So not to be involved with me. This is the third inmate that has told me that this C/O Parciasepe has tried to or tried to get them to fabricate something against me.

(ECF No. 37 at 12.)

In reply, defendant contends that plaintiff fails to demonstrate a genuine issue of material fact exists as to whether plaintiff filed and exhausted his administrative remedies for instances of retaliation by defendant after plaintiff filed Appeal Log MCSP A-13-00153 on January 16, 2013. Defendant contends that plaintiff's request that he suffer no reprisal is insufficient to exhaust the retaliation claim.

Moreover, defendant contends that plaintiff's CDCR 22 form contains inadmissible hearsay and is insufficient to demonstrate that plaintiff exhausted his retaliation claim as to acts by defendant Parciasepe because it contains only vague generalities and does not include the specific alleged acts by defendant, including the date of such alleged acts. (ECF No. 38 at 4.) Defendant argues that plaintiff is required to submit the appeal within 30 calendar days of the event being appealed, and plaintiff provides no evidence that he submitted a timely appeal. In addition, defendant contends that the CDCR 22 form is not a CDCR 602 appeal form but rather a request for interview, which cannot serve to exhaust plaintiff's retaliation claim.

Finally, defendant argues that plaintiff is mistaken that specific instances of alleged retaliation by defendant were addressed in the third level review of Appeal Log MCSP A-13-00153. (ECF No. 38 at 5.) Defendant points out that there is no mention of any specific instance of retaliation by defendant, and plaintiff's appeals in Appeal Log MCSP A-13-00153 do not identify specific conduct on the part of defendant that would reasonably put prison officials on notice of plaintiff's retaliation claim against defendant.

////

9

E. <u>Discussion</u>

Proper exhaustion of available remedies is mandatory, <u>Booth</u>, 532 U.S. at 741, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" <u>Woodford</u>, 548 U.S. at 90. As set forth above, the regulations governing inmate grievances in California were revised on January 28, 2011, and now require inmates to name the staff person involved, and to provide all facts regarding the issue being appealed, as well as the relief requested. Cal. Code Regs. tit. 15, §§ 3084.2(3), 3084.2(a)(4). The Supreme Court has stated that to properly exhaust administrative remedies, inmates must comply with the applicable procedural rules because administrative exhaustion is governed by the prison grievance process itself, not by the PLRA. <u>Jones</u>, 549 U.S. at 218; <u>Woodford</u>, 548 U.S. at 88.

In connection with plaintiff's Appeal Log MCSP A-13-00153, defendant adduced evidence that plaintiff failed to include in his initial administrative appeal the facts supporting his instant retaliation claim against defendant. It is undisputed that plaintiff filed no other administrative appeal against defendant. Thus, defendant has met his burden of demonstrating that plaintiff failed to exhaust the retaliation claim raised in plaintiff's complaint.

"Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted [appeal] and addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1(b). In other words, although plaintiff contends that Appeal Log MCSP A-13-00153 exhausts the instant claim because he raised it in his interview at the second level, new claims are not permitted as the appeal moves through the levels of review. A prisoner does not exhaust administrative remedies when he includes new issues from one level of review to another. See <u>Sapp</u>, 623 F.3d at 825 (concluding that it was proper for prison officials to "decline[] to consider a complaint about [prisoner's] eye condition that he raised for the first time in a second-level appeal about medical care for a skin condition."); <u>Dawkins v. Butler</u>, 2013 WL 2475870, *8 (S.D. Cal. 2013) (a claim made for the first time in plaintiff's request for Third Level review was insufficient to exhaust the issue where it was not included in the original appeal).

Plaintiff's request that he suffer no reprisal from the filing of Appeal Log MCSP A-13-00153 cannot serve to exhaust the specific allegations concerning defendant's subsequent conduct. First, plaintiff's requested action that he suffer no reprisals was not the subject matter of his Appeal Log MCSP A-13-00153, and any alleged retaliation that may have occurred based on the filing of Appeal Log MCSP A-13-00153 would have necessarily occurred after the filing of such appeal. Thus, Appeal Log MCSP A-13-00153 could not serve to exhaust plaintiff's retaliation claim based on subsequent behavior by defendant. Second, as set forth above, the exhaustion of administrative remedies is mandatory, and plaintiff must exhaust all claims by properly following the prison's procedures for such exhaustion. Thus, plaintiff was required to file a CDCR 602 appeal setting forth the specific facts supporting his alleged retaliation claim and pursue such claims through the third level of review before filing the instant action.

Moreover, although plaintiff claims that Lt. Dominguez told plaintiff that his "retaliation claim" would be included in the staff complaint, the facts alleged in plaintiff's subsequent request for third level review complain that defendant "continued to work in the EOP A-Fac 5 Bldg. and continues to display abusive and misconduct behavior [sic] in violation of policy and dereliction of duty." (ECF No. 37 at 8.) Plaintiff did not include the specific facts alleged against defendant in the instant complaint. In addition, the June 25, 2013 CDCR 22 request for interview form does not articulate the facts alleged against defendant in the instant complaint. Rather, plaintiff claims that defendant has "something planned." (ECF No. 37 at 12.) Such a vague allegation failed to place prison officials on notice of plaintiff's retaliation claim against defendant. In any event, a request for interview CDCR 22 form does not stop the clock for administrative appeal timelines (15 CCR § 3086(e)(2)) and does not exhaust administrative remedies for purposes of court actions (15 CCR § 3086(e)(1)).

In addition, there is no mention of any specific instance of retaliation by defendant in the third level review for Appeal Log MCSP A-13-00153, and none of the factual allegations set forth in such appeal identifies the specific conduct on the part of defendant that would reasonably put prison officials on notice of plaintiff's instant retaliation claim against defendant. Moreover, contrary to plaintiff's position, the third level review decision did not address plaintiff's

11

retaliation claim against defendant. The third level reviewer noted that plaintiff alleged that defendant "is always agitating, provoking, and harassing inmates in Building '5' by abusing his authority." (ECF No. 29-2 at 30.) Such an allegation does not track plaintiff's claim that defendant allegedly retaliated against plaintiff by trying to convince plaintiff's cellmate, Roy Dorado, to say something that would cause plaintiff to be placed in administrative segregation, or that defendant had his co-workers constantly harass plaintiff and search plaintiff's cell excessively without cause. In addition, the reviewer denied plaintiff's appeal, and found that plaintiff had "added new issues and requests to his appeal" which was not appropriate. (Id.) Plaintiff points to no third level review decision that addresses the facts supporting plaintiff's retaliation claim against defendant herein.

Therefore, defendant is entitled to summary judgment on plaintiff's retaliation claims, and this action should proceed solely on plaintiff's Eighth Amendment claim against defendant based on the alleged events of January 10, 2013.

III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment on defendant's retaliation claim (ECF No. 29) be granted, and plaintiff's retaliation claims against defendant be dismissed without prejudice, based on plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 5, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clem0611.msj.fte