UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>  Plaintiff,<br><br>  v.<br><br>T. PARCIASEPE, et al.,<br><br>  Defendants. | No. 2:14-cv-0611 MCE KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.

By order filed April 22, 2015, defendants were directed to inform the court of the status of plaintiff's legal materials. On May 11, 2015, defendants filed a response in which they provided property receipts demonstrating that plaintiff received "1-/1/2 box[es] of misc. paperwork" on March 9, 2015, and that on April 21, 2015, plaintiff received "misc. paperwork and legal mail." (ECF Nos. 46 at 2-3; 46-1 at 2, 4.) Plaintiff did not note on either property receipt that "all" of his legal material was missing, and the receipts refute such a claim. However, if there are particular documents that plaintiff needs to oppose defendants' May 15, 2015 motion for summary judgment, plaintiff may seek copies, either from counsel for defendants or from the court.

////

1

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 42, 45) are denied without prejudice.

Dated: May 21, 2015

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mp/cw/clem0611.31(2)

2