UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE, | No. 2:14-cv-0611 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 15, 2015, defendant Parciasepe filed a motion for summary judgment. After receiving multiple extensions of time, plaintiff filed an opposition, and defendant filed a reply. However, subsequent filings revealed issues concerning the disclosure of an eyewitness declaration and a 2014 request for a copy of the deposition transcript of an eyewitness. Accordingly, the court addresses these issues below, but denies the motion for summary judgment without prejudice to its renewal as explained herein.

II. Background

On September 3, 2015, plaintiff filed a response to defendant's reply, objecting that the reply included a declaration from eyewitness Eric Villiers that had not been shared with plaintiff during discovery and which plaintiff alleges constitutes a "complete reversal" from Villiers' prior

1

statements to plaintiff, as well as prior declarations signed by Villiers. Plaintiff objects that the declaration came as a surprise because defendant provided the declaration with the reply, not in discovery or with the motion, depriving plaintiff of an opportunity to respond. In addition, plaintiff objects that despite his 2014 request that defendant provide plaintiff with a copy of Villiers' deposition transcript, defendant did not respond or provide the transcript. Because of these issues, plaintiff argues that defendant has gained an unfair advantage on summary judgment. Plaintiff seeks an opportunity to respond to the declaration or deposition or, in the alternative, asks the court to disregard Villiers' declaration and deposition. (ECF No. 68 at 2.)

On September 4, 2015, defendant filed a response, noting that defendant used Villiers' declaration to rebut plaintiff's contentions in his opposition to the motion. Moreover, defendant points out that plaintiff propounded no discovery requests to which Villiers' declaration would have been responsive. (ECF No. 69 at 2.) Thus, defendant argues that plaintiff cannot properly complain that he did not receive the document during discovery. In connection with plaintiff's contention that he requested a copy of Villiers' deposition transcript, defense counsel reviewed the case file for such a request, could not find one, and had no recollection of such a request from plaintiff. (ECF No. 69 at 2.) In addition, defense counsel noted that it is not counsel's practice to provide a free copy of a deposition transcript inasmuch as the transcript belongs to the court reporter and copies are available for purchase from the court reporter.

On September 29, 2015, plaintiff filed a reply to plaintiff's response, advising that he mailed his request for a copy of Villiers' deposition transcript in his December 17, 2014 motion to appoint temporary counsel for discovery purposes only, and provided a copy of his request. (ECF No. 70.) Plaintiff argues that as an indigent pro se prisoner he should receive a copy of Villiers' deposition and any tangible thing material to the case, as well as to evidence that defendant intends to use on motions for summary judgment or at trial. Plaintiff argues that "discovery is to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." (ECF No. 70 at 2, quoting Equal Rights Center v. Post Properties, Inc., 246 F.R.D. 29, 32 (D.D.C. Oct. 18, 2007).) He contends that Rule 26 provides that if a party fails to provide information as required, the

party is not allowed to use that information. (ECF No. 70 at 3, citing Fed. R. Civ. P. 26 & 37(c)(1).) Plaintiff argues that defendant gained an unfair advantage because Rule 26 required defendant to provide plaintiff with Villiers' declaration and deposition transcript without a discovery request. (ECF No. 70 at 4.)

On October 5, 2015, defendant filed a response to plaintiff's reply. Defense counsel again reviewed the file and discovered that plaintiff's request for a copy of Villiers' deposition was attached to plaintiff's December 17, 2014 motion to appoint temporary counsel.[1] Despite this clarification, defense counsel maintains that plaintiff did not seek Villiers' declaration in any discovery request, did not file a motion to compel production of documents, and counters that no initial disclosures under Rule 26(a)(1)(A) were required because no such disclosure was ordered, and this case is exempt from such disclosure by Rule 26(a)(1)(B)(iv). (ECF No. 71 at 2.) Defendant argues that plaintiff did not file a motion to compel production of Villiers' deposition transcript, or even request one under Rule 34 of the Federal Rules of Civil Procedure. In addition, plaintiff's December 17, 2014 letter was written just days prior to the December 31, 2014 discovery deadline. Finally, defendant contends that on October 14, 2014, plaintiff was served with the deposition notice and subpoena for Eric Villiers, and had the opportunity to request a deposition transcript from the court reporter at that time. (ECF No. 71 at 3.)

III. Discussion

Defense counsel is correct that defendant is not required to provide plaintiff with a free copy of a deposition transcript. See Whittenberg v. Roll, No. CIV S-04-2313 FCD JFM P, 2006 WL 657381 at *5 (E.D. Cal. Mar.15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of his deposition transcript free of charge). Although granted leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321, 96 S. Ct. 2086 (1976). The expenditure

////

---

[1] Plaintiff did not include this request in the 23 page motion for appointment of counsel filed with the court. (ECF No. 33.)

of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute.  See 28 U.S.C. § 1915.

Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by different method.  The officer must also provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor.  Generally, courts will not order defense counsel or a defendant to provide plaintiff with a copy of the plaintiff's deposition transcript.  Rather, a plaintiff must obtain it from the officer before whom the deposition was taken.  See Claiborne v. Battery, No. CIV S-06-2919 FCD EFB, 2009 WL 530352 at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript); Brown v. Castillo, No. CV F-02-6018 AWI DLB, 2006 WL 1408452 at *1 (E.D. Cal. May 22, 2006) (same).

Finally, Rule 26(a)(1)(B)(iv) exempts these proceedings from initial disclosure requirements because it was brought "without an attorney by a person in the custody of the United States, a state, or a state subdivision."  Fed. R. Civ. P. Rule 26(a)(1)(B)(iv).  Plaintiff did not timely propound a proper discovery request seeking Villiers' statements as required under the timelines set forth in the court's discovery and scheduling order.

Thus, defendant is not subject to sanctions based on the failure to provide plaintiff with Villiers' declaration or a copy of Villiers' deposition transcript.

That said, Local Rule 133(j) states that "Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.  See L.R. 250.1(a)."  L.R. 133(j).  Generally, defense counsel in these types of cases append copies of pertinent pages from deposition transcripts to the motion for summary judgment.  In addition, deposition testimony of an eyewitness is different from the testimony of a prisoner plaintiff who is present at his own deposition and can at least recall what took place at the deposition.

Here, counsel filed and provided plaintiff with pages 1 and 16-18 of Villiers' deposition with the motion for summary judgment.  (ECF No. 47-1 at 62-65.)  However, with the reply,

counsel provided plaintiff with pages 1, 6, 11-16, and 18-20, as well as Exhibit 2, which is Villiers' declaration dated February 12, 2014. (ECF No. 67-1 at 2-14.) Villiers' deposition transcript is 24 pages long, only 17 of which contain testimony by Villiers. (ECF No. 48.) Thus, in the interest of fairness, defendant is directed to provide plaintiff with a copy of pages 5, 7, 8, 9, 10, 21 and 22 of Villiers' deposition transcript, which will provide plaintiff with all of Villiers' deposition testimony.

Moreover, despite the exemption stated in Rule 26(a)(1)(B)(iv), the court expects the parties to cooperate in disclosing relevant documents, particularly with regard to an eyewitness declaration by someone directly involved in the underlying incident, and especially where such witness allegedly contradicts the plaintiff's allegations. Federal court is not a forum in which disputes are resolved through the element of surprise. This court expects the parties to produce highly relevant discovery in good faith. While counsel was not obligated to produce the declaration under the Federal Rules, or in response to a specific discovery request not made, counsel should have provided plaintiff with a copy of the declaration in good faith following Villiers' November 13, 2014 deposition. Review of Villiers' deposition transcript reflects that three exhibits were appended; in addition to the Villiers' declaration already provided to plaintiff (exhibit 2), a letter from Mr. Villiers was appended as exhibit 1.[2] Thus, defendant is also directed to provide plaintiff with a copy of Mr. Villiers' November 6, 2014 letter (exhibit 1).

Because plaintiff contends he has been deprived of a fair opportunity to address Villiers' testimony in opposition to the motion for summary judgment, defendant's motion is denied without prejudice to its renewal following service of the above-described documents on plaintiff. Defendant is not required to re-file the previous motion *in toto*, but may simply re-notice the motion and refer to the prior filings. In opposition to such re-notice, plaintiff shall file a complete revised opposition, including his arguments contained in his August 5, 2015 opposition. Plaintiff is not required to re-submit his exhibits in support of his opposition, but may ask the court to append the previously-submitted exhibits (ECF No. 64 at 20-61) to his revised opposition.

---

[2] Exhibit 3 is a copy of the October 14, 2014 notice of Mr. Villiers' deposition, which plaintiff already received.

Plaintiff is cautioned that the court will not read or rely on his August 5, 2015 opposition, but expects plaintiff's revised opposition to be complete in itself. Following the filing of plaintiff's revised opposition, defendant shall file a revised reply that is similarly complete in itself, with the exception that defendant may refer to the previously filed exhibits without re-filing. <u>Following the filing of the revised reply, no further filings are allowed</u> in connection with the motion for summary judgment. Plaintiff is cautioned that the Local Rules contemplate the filing of a motion, an opposition, and one reply. L.R. 230(l). Therefore, plaintiff should ensure that all of his arguments and evidence in support of his opposition are included in his revised opposition.

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, defendant shall provide to plaintiff a copy of pages 5, 7, 8, 9, 10, 21 and 22 of Villiers' November 13, 2014 deposition transcript, as well as a copy of exhibit 1 thereto (Villiers' November 6, 2014 letter).

2. Defendant's motion for summary judgment (ECF No. 47) is denied without prejudice to its renewal within twenty-one days from the date of this order. Defendant is not required to re-file the motion and supporting documents, but may reference the prior filings in the notice.

3. Plaintiff shall file a revised opposition to the re-noticed motion within thirty days after the notice is served; plaintiff is not required to re-submit his exhibits but may ask the court to attach his previously-submitted exhibits (ECF No. 64 at 20-61) to his revised opposition, but is required to include all of his arguments and any new evidence within the revised opposition. Defendant's revised reply shall be filed twenty-one days thereafter.

4. After defendant's revised reply is filed, briefing on the motion for summary judgment is closed, and no further filings in connection thereto are allowed.

Dated: October 22, 2015

/clem0611.rentc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE