UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. PARCIASEPE,<br><br>　　　　　Defendant. | No.  2:14-cv-0611 MCE KJN P<br><br><br>ORDER |

I. Introduction

　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds solely on plaintiff's claim that on January 10, 2013, defendant Parciasepe was deliberately indifferent to plaintiff's safety and failed to protect him in violation of his Eighth Amendment rights.  Defendant's previous motion for summary judgment was denied without prejudice to its renewal to permit counsel to provide plaintiff documents pertinent to witness Villiers' deposition.  Plaintiff was directed to file one revised opposition within thirty days of any re-noticed motion for summary judgment.  On November 10, 2015, defendant Parciasepe renewed the motion for summary judgment.  Rather than file an opposition, plaintiff filed a motion to reopen discovery, request for order that defendant produce documents, and a motion for extension of time to complete discovery and file an opposition to the motion for summary judgment.

As set forth below, plaintiff's motion to produce documents and to reopen discovery is denied, and plaintiff is granted one final extension of time to file an opposition to the motion for summary judgment.

II. The Parties' Positions

Plaintiff seeks an *in camera* review of the following:

1. The February 8, 2013 ISU videotaped interview statement of inmate Villiers;

2. The February 8, 2013 ISU videotaped statements of inmates Rush, Baptiste, Miranda, and Bayse;

3. Inmate Villiers' CDC-115 Rule Violation Report regarding the January 10, 2013 fight with plaintiff, in particular, the pages in part-C detailing the hearing;

4. The CDC-7219 "Medical Report of Injury or Unusual Occurrence," prepared by Nurse LPT Island on January 10, 2013, of inmate Villiers' injuries; and

5. The CDC-114 lockup order and incident report prepared in late 2013 detailing inmate Villiers' reason for requesting to leave Mule Creek State Prison ("MCSP") A Facility. (ECF No. 76 at 4; 78 at 2.)[1]

Plaintiff contends that these items are important to show the conflicting nature of inmate Villiers' present declaration and deposition testimony, and argues plaintiff cannot oppose the motion for summary judgment without them. In his reply, plaintiff contends that he cannot obtain these materials, and argues that for purposes of reopening discovery, the issues in dispute are (1) was the fight staged; (2) were plaintiff and inmate Villiers enemies before the fight; and (3) did plaintiff instruct Villiers to lie to MCSP personnel regarding the fight. (ECF No. 78 at 2.) Plaintiff contends that Villiers had multiple opportunities to inform MCSP staff that plaintiff was not his enemy, that the fight was staged, and that plaintiff told him to lie.

Defendant contends that plaintiff has failed to make a sufficient showing to warrant additional discovery because plaintiff's filing demonstrates that plaintiff already has evidence reflecting Villiers' prior statements. Defendant states that the fact that plaintiff and Villiers were

---

[1] It appears that plaintiff retracted his request for review of inmate Villiers' central file. (Compare ECF No. 76 at 4 with No. 78 at 2.)

fighting is not in dispute because defendant did not deny that they were fighting, and Villiers testified that they were fighting. (ECF No. 77 at 5.) In addition, defendant claims the additional evidence sought would not rebut Lt. Baldwin's statement that immediately after the incident plaintiff and Villiers denied being enemies, agreed to peacefully live in the same building after the incident, and then continued to interact peacefully thereafter. (ECF No. 77 at 6, citing ECF No. 75 at 8-9.) Defendant argues that Villiers' alleged statements that he and plaintiff were enemies, allegedly made to LPT Island or the rules violation report ("RVR") hearing officer after the fight was over, would not controvert a material fact at issue in the dispositive motion.

III.  Request to Reopen Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

First, the record reflects that plaintiff has the following evidence:

1. Inmate Villiers' January 10, 2013 affidavit claiming that he informed defendant Parciasepe that Villiers and plaintiff were enemies. (ECF No. 64 at 19.)

2. A copy of the January 10, 2013 RVR in which defendant noted that Villiers told LPT Island that "We are enemies; we can't live together." (ECF No. 64 at 21.)

3. A copy of inmate Villiers' testimony at plaintiff's RVR hearing on January 10, 2013. (ECF No. 64 at 24-25.)

4. A copy of inmate Villiers' May 24, 2014 declaration in which he claimed that defendant Parciasepe wanted Villiers to lie and say that the incident between plaintiff and Villiers did not happen the way plaintiff said it did. (ECF No. 64 at 33.)

Plaintiff can use such evidence to demonstrate that inmate Villiers made prior inconsistent statements, and no *in camera* review of additional documents is required to so demonstrate. In

3

addition, because plaintiff was present, he can provide his own declaration or testimony as to what occurred that day. Plaintiff has failed to demonstrate how the additionally requested discovery would further rebut Villiers' statements made in his February 12, 2014 declaration or November 13, 2014 deposition.

In addition, plaintiff now claims that he needs to obtain the ISU video interviews of inmates who witnessed the January 10, 2013 incident. However, plaintiff does not demonstrate why he failed to earlier seek such testimony. Plaintiff does not contend that any of these witnesses have information that would rebut Villiers' new claim that plaintiff agreed to stage the fight so that he could retain his prior cellmate, or provide new evidence that would refute a material dispute of fact at issue in the pending motion, such as showing that defendant acted with a culpable state of mind. Plaintiff previously submitted the declaration of Roberto F. Garcia, who declares that he heard Villiers address defendant on two separate occasions, and that on the second occasion, Garcia heard Villiers tell Parciasepe that Villiers and plaintiff were "not compatible and enemies," and then Villiers and plaintiff began to fight. (ECF No. 64 at 37.) Inmate Guzman similarly declared that he heard Villiers tell defendant that Villiers could not be housed with plaintiff "because of a past enemy situation and that they were not compatible." (ECF No. 64 at 39.) Both Garcia and Guzman declared that defendant ignored the fight, and Guzman claims that the altercation lasted for over 20 minutes before defendant "decided to respond." (ECF No. 64 at 39.) Plaintiff also provided the declarations of inmates Bayse, Miranda, Rush, Batiste, Smith, and Johnson who also described what they observed and heard on January 10, 2013. (ECF No. 64 at 46-57.) In light of these declarations, plaintiff fails to demonstrate how statements made by inmates Bayse, Miranda, Rush, and Batiste to the ISU on February 8, 2013, are needed to rebut a material dispute of fact at issue in the pending motion for summary judgment.

In addition, the submission of these witnesses' declarations, signed in 2013 and 2014, demonstrate that plaintiff was long aware of such witnesses, yet failed to seek discovery of their February 8, 2013 statements prior to the discovery deadline of November 21, 2014. (ECF No. 24.) The latest signed declaration was inmate Johnson's declaration, which was signed on

1  September 5, 2014, well before the discovery deadline expired.  (ECF No. 64 at 57.)  Also, the

2  discovery deadline was later extended to December 31, 2014.  (ECF No. 28.)  Thus, despite

3  having sufficient time to conduct discovery, plaintiff failed to diligently seek such discovery.

4        Moreover, any prejudice plaintiff sustained as a result of the delay in receiving Villiers'

5  2014 declaration and deposition testimony was minimized by the order denying the previous

6  motion for summary judgment, thus granting plaintiff additional time to prepare his opposition.

7        Finally, plaintiff contends that his requested discovery is important to show the conflicting

8  nature of Villiers' current declaration and deposition testimony.  (ECF No. 76 at 4.)  However, as

9  discussed above, plaintiff has evidence demonstrating Villiers' prior statements are inconsistent

10  with his more recent declaration and deposition testimony.  But plaintiff has failed to demonstrate

11  that additional evidence to further impeach Villiers' testimony is necessary to rebut material

12  disputes of fact at issue in the pending motion for summary judgment.

13        Thus, plaintiff has failed to demonstrate good cause or diligence to justify reopening

14  discovery.  Discovery closed on December 31, 2014.  Inmate Villiers' alleged change in

15  testimony, standing alone, is insufficient to demonstrate plaintiff needs to conduct further

16  discovery.  Plaintiff has documentary evidence demonstrating Mr. Villiers' prior statements, and

17  pleads no facts demonstrating that the February 8, 2013 testimony he now seeks would rebut

18  material facts at issue.  Plaintiff needs no further evidence to impeach Mr. Villiers with his prior

19  statements.  Moreover, defendant does not dispute that plaintiff and Villiers fought on January 10,

20  2013.  (ECF No. 77 at 5.)  Plaintiff identified no other cause for his delay in seeking statements

21  made to the ISU in 2013.  Any effort to obtain discovery unrelated to Villiers' testimony at this

22  late date fails based on plaintiff's lack of diligence.  For all of these reasons, plaintiff has failed to

23  demonstrate good cause to extend the discovery deadline, and his motion is denied.

24        Defendant has now renewed the motion for summary judgment.  Rule 56(d) permits a

25  party opposing a motion for summary judgment to request an order deferring the time to respond

26  to the motion and permitting that party to conduct additional discovery upon an adequate factual

27  showing.  See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or

28  declaration that, for specified reasons, it cannot present facts essential to justify its opposition.").

However, a Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006). Here, plaintiff fails to provide sufficient facts for the court to construe his motion as a 56(d) request. Plaintiff seeks additional discovery for the sole purpose of further impeaching Villiers' testimony. Plaintiff has Villiers' prior declarations, and fails to show that additional discovery would uncover facts that would preclude summary judgment.

IV. <u>Final Extension of Time</u>

Plaintiff has been aware of defendant's claims for about seven months because defendant initially filed his motion for summary judgment on May 15, 2015. Thus, plaintiff is granted one final extension of time in which to file an opposition to defendant's renewed motion for summary judgment. The opposition must comply with the court's October 23, 2015 order. No further extensions of time will be granted.

V. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (ECF No. 76) are denied;

2. Plaintiff's motion for extension of time to oppose the motion for summary judgment (ECF No. 76) is granted;

3. Plaintiff is granted thirty days in which to file an opposition to the motion for summary judgment, as described in the October 23, 2015 order (ECF No. 73); defendant's reply shall be filed twenty-one days thereafter; and

4. After defendant's reply is filed, briefing on the motion for summary judgment is closed, and no further filings in connection thereto are permitted.

Dated: February 1, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

clem0611.56d