UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CLEMENTE,

    Plaintiff,

v.

T. PARCIASEPE,

    Defendant.

No. 2:14-cv-0611 MCE KJN P

ORDER

    Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendant was deliberately indifferent to plaintiff's safety needs on January 10, 2013, following denial of defendant's motion for summary judgment. Plaintiff requests that the court appoint counsel. Plaintiff now claims that he "doesn't really speak English," and "has trouble understanding English," and is receiving mental health services at the EOP level of care. (ECF No. 86.) He also claims that that this case will involve conflicting testimony and counsel could better present evidence and cross-examine witnesses. Plaintiff also claims he does not have access to inmate witnesses because of transfers.

    Defendants oppose plaintiff's motion on the grounds that this case is not complex, either legally or factually, and argues that despite the denial of defendant's motion for summary judgment, plaintiff fails to demonstrate a sufficient showing of likely success on the merits of this case. Moreover, defendant contends that plaintiff has repeatedly demonstrated his ability to

1  prosecute this action in English based on his pro se filings to date (ECF Nos. 37, 42, 55, 61, 64,
2  68, 70, 72 and 88-2 at 116-18), and his deposition testimony (ECF No. 88-2 at 2-112), which was
3  conducted in English.  Defendants argue that plaintiff failed to support his claim that he needs
4  counsel due to his "various mental disabilities," and plaintiff's claims that his incarceration, need
5  for further documents, limited law library access, and loss of another inmate's assistance are
6  insufficient to demonstrate exceptional circumstances.  Plaintiff did not file a reply.

7  District courts lack authority to require counsel to represent indigent prisoners in section
8  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional
9  circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28
10 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
11 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
12 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
13 well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
14 legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
15 abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
16 circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of
17 legal education and limited law library access, do not establish exceptional circumstances that
18 warrant a request for voluntary assistance of counsel.

19 As noted by defendant, this action is not complex, but rather turns on the testimony of
20 witnesses to the events at Mule Creek State Prison on January 10, 2013, after defendant
21 Perciasepe placed inmate Villiers in cell 240 with plaintiff.

22 The record confirms that plaintiff has been capable of litigating this action in English.
23 Plaintiff fails to demonstrate he is unable to prosecute this action due to his mental illness.
24 Moreover, the record reflects that plaintiff has obtained numerous inmate witness declarations to
25 support his claims; such declarations bear the CDC number for each prospective witness.  One
26 witness, Cruz Alcantar, now housed at the California Medical Facility, has declared that he is
27 willing to testify (ECF No. 80 at 57), so no further affidavit is required to obtain his presence at
28 trial.  Three of the other inmates:  Marco A. Guzman, K19612; Bobby Smith; C54119; and Carl

Johnson, J9000; are housed at Mule Creek State Prison, where plaintiff is currently housed. Thus, plaintiff should be able to obtain affidavits concerning their willingness to testify. Plaintiff's three remaining inmates have transferred to different prisons:

    Larry Rush, B97377, California Health Care Facility, Stockton,

    Yuntoo Batiste, P18723, California State Prison, Corcoran, and

    Roberto F. Garcia, F78614, Pleasant Valley State Prison, Coalinga.

Because plaintiff needs to determine whether these inmates are willing to testify on his behalf at trial, the undersigned orders that plaintiff be allowed to write to such inmates to obtain their affidavits.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 86) is denied without prejudice.

2. Plaintiff is granted permission to write to the following inmates to determine whether each such inmate is willing to testify:

    Larry Rush, B97377, California Health Care Facility, Stockton,

    Yuntoo Batiste, P18723, California State Prison, Corcoran, and

    Roberto F. Garcia, F78614, Pleasant Valley State Prison, Coalinga,

3. The Clerk of the Court is directed to serve a copy of this order on the litigation coordinator at Mule Creek State Prison.

Dated: October 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clem0611.31.kjn