UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PARCIASEPE,<br><br>    Defendant. | No. 2:14-cv-0611 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Following resolution of dispositive motions, this action proceeds on plaintiff's Eighth Amendment claim that defendant Parciasepe was deliberately indifferent to plaintiff's safety on January 10, 2013, either after the cell door closed and inmate Villiers told defendant that Villiers and defendant could not live together, or during the subsequent altercation, or both. Pursuant to court order the parties submitted pretrial statements. Accordingly, the court requires plaintiff to file a supplemental pretrial statement addressing the issues set forth below, and will set a mandatory settlement conference following receipt of the appended notice.

I. Plaintiff's Pretrial Statement

    A. Plaintiff's Request for Witnesses

Plaintiff's witnesses and inmates Cruz Alcantar (ECF No. 80 at 57), and Newton Suarez (ECF Nos. 80 at 59-60; 91 at 10-12) have confirmed their willingness to testify. (ECF No. 80 at

57.) Subsequently, plaintiff declared that inmates Marco Guzman, K-19612; Bobby Smith, C-54119; and Carl Johnson, J-9000 (ECF No. 92), who previously provided declarations, are willing to testify on plaintiff's behalf.  On October 25, 2016, the court granted plaintiff permission to correspond with witnesses and inmates Larry Rush, B-97377; Yuntoo Baptiste, P-18723; and Roberto Garcia, F-78614, whose declarations did not reflect their willingness to testify.  However, in his pretrial statement, plaintiff advises that despite such order, prison officials denied plaintiff's request to correspond with these three witnesses.

In determining whether to issue a writ of habeas corpus ad testificandum to bring a state prisoner witness into federal court, a district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.  See Wiggins v. Alameda County, 717 F.2d 466, 468 at n.1 (9th Cir. 1995), cert. denied, 465 U.S. 1070 (1984) (citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)).

The standards guiding the court's discretion are the same regardless of whether the inmate in question is the plaintiff, or a non-party witness.  See Maurer v. Pitchess, 530 F.Supp. 77, 80 n.3 (C.D. Cal. 1981), reversed in part, 755 F.2d 936 (9th Cir. 1985).  In sum, the court should conduct a cost-benefit analysis regarding whether the inmate should come to court.  See e.g., Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  The court must determine not only whether the inmate witnesses' testimony is relevant, but also whether such testimony is necessary.  This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate witness to court from a correctional facility.  See Atkins v. City of New York, 856 F.Supp. 755, 758 (E.D. N.Y. 1994); Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 112 (4th Cir. 1988); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986).

Here, plaintiff has identified five inmate witnesses who have agreed to testify at trial.  Thus, in order for the court to determine whether plaintiff should be allowed to call the additional

2

three witnesses for whom he is unaware whether they are willing to testify, plaintiff must address whether these potential witnesses offer testimony that significantly differs from the testimony of witnesses Alcantar, Suarez, Guzman, Smith or Johnson.  Plaintiff is granted leave to address whether the court should call inmate witnesses Larry Rush, B-97377; Yuntoo Baptiste, P-18723; and Roberto Garcia, F-78614, applying the standards set forth above, in his supplemental pretrial statement.

### B. Disputed Evidentiary Issues

In this section, as well as the discovery document section, plaintiff refers to the privilege log prepared by defendant in response to plaintiff's request for production of documents (ECF No. 91 at 17-19.)  It is unclear when the request was propounded, but the privilege log references dates in 2013.  Plaintiff now claims he will "motion the court to compel Mule Creek State Prison to provide the information, or to qualify the claim of 'privilege.'"  (ECF No. 91 at 6.)  However, on August 11, 2014, the discovery deadline was set for November 21, 2014, and was extended to December 31, 2014.  (ECF Nos. 24, 28.)  If plaintiff wished to challenge defendant's responses to plaintiff's discovery request, plaintiff should have filed a motion to compel further responses prior to the discovery deadline.  Plaintiff did not file a motion to compel production of the privileged information within the discovery period, and did not move to modify the scheduling order.  Now, dispositive motions have been resolved, and the case is ready for trial.  A motion to challenge defendant's discovery responses is now well over three years too late.  To the extent plaintiff's comments in the pretrial statement constitute such a motion, such motion is denied.

### C. Exhibits

Other than discovery documents identified in the discovery section, plaintiff failed to identify any exhibits he intends to offer at trial.  For example, plaintiff did not list the rules violation reports he relied upon in opposition to the motion for summary judgment.  Plaintiff is required to list and identify each exhibit he intends to offer at trial.  Plaintiff is granted leave to file an amended exhibit list in his supplemental pretrial statement.

////

////

3

    D. Discovery

In his pretrial statement, plaintiff lists particular documents, but also claims he will seek to admit "other medical requests, tests, diagnosis and treatment documents [he] requested copies but has yet to receive." (ECF No. 91 at 9.) Plaintiff must specifically identify discovery documents he intends to rely on at trial. Plaintiff is granted leave to amend the list of discovery documents he will introduce at trial.

    E. Settlement Conference

In his pretrial statement, plaintiff states a court-ordered settlement conference would be helpful. Defendant counters that he does not believe that this is a case of liability; however, he is willing to explore possible resolution of this case, but notes plaintiff's proposed settlement figure and his restitution balance may be an impediment to settlement.

This case shall be set for settlement conference. Within twenty-one days from the date of this order, the parties shall complete, serve, and file the appended notice regarding judge election for settlement conference. Once the notices are filed, counsel for defendant shall contact Matt Caspar, Courtroom Deputy, (916) 930-4187, to provide dates.

## II. Conclusion

Therefore, plaintiff is granted leave to file a supplemental pretrial statement that provides the information set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall file a supplemental pretrial statement addressing the issues set forth above; and

2. Within twenty-one days from the date of this order, the parties shall complete, serve, and file the appended notice regarding judge election for settlement conference. Failure to timely file the attached notice will result in the settlement conference being set before a different magistrate judge.

Dated: March 28, 2017

/clem0611.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CLEMENTE,<br><br>        Plaintiff,<br><br>   v.<br><br>T. PARCIASEPE,<br><br>        Defendant. | No.  2:14-0611 MCE KJN P<br><br>NOTICE RE:  JUDGE ELECTION FOR SETTLEMENT CONFERENCE |

As required by court order, the parties notify the court of the following election:

\_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter.  This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

**OR**

\_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

**AND**

Plaintiff shall indicate his preference by checking one:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

**OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

_____
Plaintiff or Counsel for Defendants